Filed 13 February 7 P5:31
Chris Daniel - District Clerk
Harris County
ED101J017315338
By: Sharon Carlton

**2013-07644 / Court: 061**

CAUSE NO. _____

| | | |
|---|---|---|
| THOMAS J. BINTZ and JANE BINTZ, *Plaintiff,* | § § § | IN THE DISTRICT COURT OF |
| v. | § § | |
| CONTINENTAL AIRLINES, INC., UNITED CONTINENTAL HOLDINGS, INC. and MEDAIRE, INC. *Defendant.* | § § § § § | HARRIS COUNTY, TEXAS<br><br>_____ JUDICIAL DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THOMAS J. BINTZ and JANE BINTZ, Plaintiffs in the above-captioned and numbered cause of action, and files this Original Petition, complaining of CONTINENTAL AIRLINES, INC., UNITED CONTINENTAL HOLDINGS, INC. (Referred to herein as Continental), and MEDAIRE, INC. and in support thereof would respectfully show unto this Court the following:

### I.

### PARTIES

1. Plaintiffs THOMAS J. BINTZ and JANE BINTZ are individuals residing in Houston, Harris County, Texas.

2. Defendant CONTINENTAL AIRLINES, INC., (also referred to herein as Continental or Continental Airlines) is a Delaware corporation with its central hub of operations and principal office and headquarters located in Harris County, Houston, Texas. Defendant is authorized to do business in the State of Texas and does so. Defendant may be served through

PAGE 1 OF 11

its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3. Defendant UNITED CONTINENTAL HOLDINGS, INC., (also referred to herein as Continental or Continental Airlines) is a Delaware corporation headquartered in Chicago, Illinois. Defendant is the result of a merger between United Airlines and Defendant Continental Airlines, upon information and belief. Defendant is authorized to do business in the State of Texas, including under its previous business name, UAL Corporation. This suit arose out of Defendant's business in this state and may be served with process by serving the Texas Secretary of State, as its designated agent for service, at 1019 Brazos Street, Austin, Travis County, Texas 78701. Defendant United Continental Holdings, Inc. has a principal place of business at 77 West Wacker Drive, Chicago, IL 60601

4. Defendant MedAire, Inc (referred to herein as MedAire) is a foreign corporation doing business in the State of Texas. MedAire's contacts in Texas are sufficient to establish specific personal jurisdiction: upon information and belief, (1) MedAire entered into one or more contracts with Houston, Texas-based Continental to provide in-flight medical assistance in Texas and elsewhere; (2) MedAire had similar contracts to provide its medical service for numerous other airlines operating in Texas; (3) MedAire applied for and has a license to do business in Texas; (4) one or more of MedAire's physicians lives/lived and works/worked in Texas; and (5) the flight on which Plaintiff was traveling was destined for and landed in Houston, Texas. Upon further information and belief, as is common in the airline industry, Continental had a contract with MedAire to provide medical advice in the event of in-flight medical emergencies; MedAire employs physicians who, as agents and/or employees, and based upon the information provided to them, attempt to assess the medical situation regarding passengers from afar; while MedAire

then makes recommendations to the flight crew regarding care of the ill traveler and possible flight diversions, the Captain nonetheless makes the final decision to divert or proceed. On the flight in question, Continental apparently contacted MedAire via Medlink and allegedly sought and received advice regarding how to proceed in light of Mr. Bintz' medical situation. There is apparently some type of mutual indemnity arrangement between Continental and MedAire. Defendant may be served through its registered agent, Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

## II.

## JURISDICTION

5.    This Court has jurisdiction over this lawsuit.

## III.

## VENUE

6.    Venue is proper in this matter in Harris County, Houston Texas for one or more reasons that include: Continental has a principal place of business in Harris County, it is the domicile of Continental, it is the place where the ticket for the flight at issue was bought, it was the place of destination of the flight at issue and it is the principal and permanent place of residence of Mr. Bintz.

## IV.

## PRELIMINARY STATEMENT

7.    This lawsuit arises out of damages caused by the actions and inactions of Defendants. Plaintiff suffered a heart attack on a Continental Airlines flight departing from Vancouver, Canada and Continental refused to divert or land the plane for several hours, until it

ultimately arrived at its original destination in Houston, Texas.[1] Mr. Thomas "Tom" Bintz suffered a severe heart attack on the flight after departure and take-off. A passenger who happened to be nurse with cardiac experience was on the flight. She quickly determined Plaintiff was having a heart attack, administered medication and oxygen, informed the Continental Airlines flight crew of the medical emergency, and requested that the flight crew land the plane immediately so that Mr. Bintz could receive the proper emergency care vital to patients suffering a heart attack. The flight crew refused to divert and land the plane and continued for hours on to Houston, Texas. As a result of the Defendants' acts and omissions that included the failure to divert the plane to secure emergency medical care, Plaintiff suffered severe and permanent damages to his heart, including damages due to the delay in the provision of the appropriate medical treatment. Although the onset of the heart attack itself was not an accident or injury caused by the Defendants, the acts and omissions of the Defendants once the heart attack began and the Defendants' refusal and failure to recognize it and/or refusal to land the plane so that Plaintiff could receive the appropriate medical attention (among other things) caused injury and damage to Plaintiff and are actionable.

V.

**STATEMENT OF FACTS**

8. On or about the 1st day of April, 2011, Plaintiff Tom Bintz was a passenger aboard Continental Airlines Flight 0288 departing Vancouver, Canada for Houston, Texas. After the flight took off, Mr. Bintz began to experience severe epigastric pain and appeared pale. Shortly thereafter, Mr. Bintz vomited. His vomit contained mucous and blood. Pain began to

---

[1] This case is brought under Texas State law. It is not brought under federal law or directly under any treaty, including the Montreal Convention. Plaintiffs seek redress through state law remedies that are not inconsistent with those allowed or provided in the Montreal Convention, state law claims that are "in contract or in tort or otherwise."

radiate across Mr. Bintz's chest and continued to do so for approximately ten minutes. This was all reported to the crew.

9. A nurse with cardiac experience who happened to be on the flight began to attend to Mr. Bintz. Fearing that Mr. Bintz was having a heart attack, the nurse obtained aspirin from another passenger. Mr. Bintz consumed the aspirin and the pain somewhat dissipated. Approximately ten to fifteen minutes later, the severe chest pain returned. This time, the pain radiated to Mr. Bintz's back. Mr. Bintz described the pain as "excruciating." The nurse returned and, after a brief examination, informed the Continental Airlines flight attendant staff of what had been occurring with Mr. Bintz and that Mr. Bintz was very likely having a heart attack and that the plane needed to land immediately. Her request was refused. Continental did not land the plane, instead continuing to fly on to Houston.

10. At this point, the nurse began to administer oxygen and nitroglycerine to Mr. Bintz. Mr. Bintz continued to suffer severe continuous pain in his chest, as well as in his back between his shoulders and he was sweaty and flush looking. Another passenger communicated with the Continental Airlines flight attendant staff, who purportedly communicated with MedAire via MedLink. It is unclear exactly what was communicated back and forth. Allegedly, MedAire affirmed the nitroglycerine treatment, but little else was reported to Mr. Bintz and the nurse and the plane still did not divert or land. The nurse then administered Maalox and lidocaine liquid in an effort to abate the pain. The Maalox/lidocaine treatment had no effect. The plane flew on.

11. Absolutely certain now that Mr. Bintz was having a heart attack, the nurse so informed the Continental Airlines flight attendant staff again and again requested that the plane make an unscheduled immediate landing so that Mr. Bintz could be provided with the emergency

medical treatment he badly needed. The Continental Airlines flight attendant staff did nothing other than communicate to the nurse they were aware of the situation. The plane flew on.

12. Frustrated, the nurse demanded to speak to MedAir via MedLink directly. Her request was refused. Continental refused to allow the nurse to speak directly with any physician through Medlink, despite the fact that many other prudent air carriers do exactly that, including using seatback phones or other devices to have a physician communicate directly with the afflicted or attending passenger to ensure more accurate and prompt information and action. Instead, the Continental Airlines flight attendant staff would only allow the nurse to speak to a member of the Continental Airlines cockpit crew. The nurse expressly and definitively communicated to the Continental Airlines cockpit crew her knowledge and experience in the area of cardiac medicine, that she was certain Mr. Bintz was having a heart attack, that he was in a high risk stage of the attack, and that for his care, treatment and safety the plane needed to make an unscheduled immediate landing so that Mr. Bintz could receive emergency treatment he needed. The member of the Continental Airlines cockpit crew informed the nurse that, based on the information it had, MedAire allegedly considered Mr. Bintz to be in "stable condition" and had allegedly advised the Continental Airlines cockpit crew it did not have to make an unscheduled landing and could fly on. She protested, questioned what information had been relayed, but received no answer. Clearly, either Continental had not given MedAire all the information recognized and relayed by the nurse or MedAire, who had no relationship to or privity with Mr. Bintz, badly misjudged the information it was given by Continental, or perhaps some of both. Nevertheless, the ultimate decision on whether to divert or proceed was Continental's and it refused to divert the plane, choosing to put its own profits over the life and safety of a passenger. And so the plane flew on.

13.  In fact, Mr. Bintz was and had been having a heart attack just as the nurse reported and insisted on multiple occasions. It was impossible for the Continental Airlines cockpit crew and MedAire to determine accurately that Mr. Bintz was "stable" since, among other things, he was not and they either ignored or seriously misjudged the information being relayed to them, there was no electrocardiogram data available on the flight, MedLink/MedAire never communicated directly with the nurse, and MedLink/MedAire never communicated directly with Mr. Bintz. Left with the clear message the plane would not be diverted, the nurse continued to administer oxygen and nitroglycerine to Mr. Bintz until the oxygen ran out before the flight landed in Houston, Texas, several hours later. Upon landing, his heart attack was confirmed and Mr. Bintz was rushed to the hospital. It was determined that he had suffered a severe heart attack and, due to Continental's refusal to divert and land and the resulting delay in obtaining treatment, Mr. Bintz suffered severe and permanent damage to his heart.

## VI.

## CAUSES OF ACTION

14.  Plaintiffs incorporate the foregoing paragraphs herein for all purposes.

15.  <u>Count 1: Ordinary Negligence</u>. Plaintiff, Mr. Bintz, would show that Defendants owed him a duty of ordinary care; that Defendants were negligent and breached that duty; that their acts of negligence included (1) the flight crew refusing to divert the flight after being apprised of the passenger's life threatening condition; (2) breaching their own and airline practices and policies, (3) failing to divert and land the plane in a timely manner so that Plaintiff could receive the appropriate emergency medical attention, especially when diversion and landing was specifically requested and specifically recommended (4) not providing proper or additional medical equipment (5) negligent hiring and retention and training of employees and

agents, (6) negligent policies and procedures and/or negligent failure to follow policies and procedures (the ordinary traveler reasonably would expect that in handling life-threatening exigencies, airlines would be particularly scrupulous and exacting in complying with their own industry norms, internal policies and procedures, and general standards of care and that did not occur here); and, as a proximate result of Defendants' breach(es), which were all unexpected or unusual events or happenings that were external to the passenger, Plaintiff suffered severe and permanent damages, past and future.

16. <u>Count 2: Common Carrier Negligence</u>. Pleading alternatively, if necessary, Plaintiff would show that Defendants, as common carriers, owed him a high degree of care; that Defendants breached that duty through the acts and omissions set out above and by failing to divert the plane and land so that Plaintiff could receive the appropriate emergency medical attention; and, as a proximate result of Defendants' breach(es), Plaintiff suffered severe and permanent damages. The duty arising out of a common carrier's special relationship includes the duty to help a passenger who is in need of medical attention. A common carrier is under a duty to its passengers to take reasonable action to 1) protect them against unreasonable risk of physical harm, and 2) to give them first aid after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others. Defendants breached this duty.

17. <u>Count 3: Breach of Contract.</u> Pleading alternatively, if necessary, Plaintiff would show that Defendants through the conduct outlined above breached their agreement with Plaintiff and that such breaches were the proximate and or producing cause of damages to Plaintiff.

18. <u>Conditions Precedent and Joint Liability</u>. All conditions precedent to the filing of this lawsuit and/or recovery hereunder have occurred or been satisfied. Further, and pleading in

the alternative if necessary, Plaintiff alleges the Defendants are jointly and severally liable to the Plaintiff through their agency relationship, their contractual relationship, their joint enterprise and because they acted in concert. In addition, MedAire may have employed or contracted with and acted through agents and/or employees for which MedAire and the other Defendants are likewise liable.

## VIII.

## DAMAGES AND COSTS

19.   As a result of the acts and/or omissions set out above, Plaintiff, Mr. Bintz, sustained serious injuries.  He seeks damages under all categories allowed by Texas law.  He seeks damages including those for physical pain and suffering, mental anguish, disability, loss of earning capacity, physical impairment, physical disfigurement, and medical care and expenses – both in  the past and in the future, and all aspects and categories of damages set out in discovery. Plaintiff would show that he has been caused to incur doctor bills, hospital bills and other medical expenses in the past, and will be forced to incur medical care in the future, and he seeks recovery for that medical care.

Plaintiff, Mrs. Bintz, has also suffered damages, including loss of household services and consortium.

20.   Plaintiffs are entitled to recover their costs of court.

## IX.

## JURY DEMAND

21.   Plaintiffs demand a jury trial on all of the allegations in Plaintiffs' Original Petition, and all amendments and supplements thereto, and all of the Defenses, if any, set out in

Defendants' responsive pleadings. A jury fee is being tendered contemporaneously with this Original Petition.

## X.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendants be cited to appear and that, upon final hearing hereof, the Court order that Plaintiffs have judgment against Defendants for the following:

a. Past damages as outlined above;

b. Future damages as outlined above;

c. Pre- and postjudgment interest at the maximum lawful rate;

d. Costs of court; and

e. All other relief, at law or in equity, that this Court deems appropriate and for which Plaintiffs request.

Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

By: _____
Sean E. Breen
State Bar No. 00783715
1900 Pearl Street
Austin, Texas 78705
(512) 474-7300
(512) 474-8557 FAX

and

Charles C. Brennig III
State Bar No. 00783719
BRENNIG & ASSOCIATES, P.C.
1330 Post Oak Boulevard
Suite 1600
Houston, Texas 77056
(713) 622-5900
(713) 622-5910 FAX

**ATTORNEYS FOR PLAINTIFFS THOMAS J. BINTZ AND JANE BINTZ**

STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

2-21-13

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

Deputy

Filed 13 February 26 P4:32
Chris Daniel - District Clerk
Harris County
ED101J017347653
By: Charleta Johnson

CAUSE NO. 2013-07644

| | | |
|---|---|---|
| THOMAS J. BINTZ AND JANE BINTZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CONTINENTAL AIRLINES, INC., | § | |
| UNITED CONTINENTAL HOLDINGS, | § | |
| INC., and MEDAIRE, INC. | § | 61ST JUDICIAL DISTRICT |

### DEFENDANT MEDAIRE, INC.'S ORIGINAL ANSWER

MEDAIRE, INC. ("MedAire"), a Defendant in the above entitled and numbered cause, files its Original Answer to Plaintiffs' Original Petition and would show the Court as follows:

### I.
### GENERAL DENIAL

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, MedAire enters herein its general denial and respectfully requests that Plaintiffs be required to prove each of their charges, assertions, and allegations by a preponderance of the credible evidence as required by the laws of the State of Texas.

### II.
### AFFIRMATIVE DEFENSES

2. Pleading further, without waiving or limiting the foregoing, the transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, U.S.C.S. Montreal Convention ("Montreal Convention"). The rights of the parties to this litigation are therefore governed by the provisions of the Montreal Convention, which preempts all state law causes of action alleged in Plaintiffs' Original Petition.

3. Pleading further, without waiving or limiting the foregoing, MedAire is not liable to Plaintiffs pursuant to Article 17(1) of the Montreal Convention because Plaintiffs' injuries were not caused by an "accident" as that term is applied under the Convention.

4. Pleading further, without waiving or limiting the foregoing, MedAire's damages, if any, are limited pursuant to Article 21 of the Montreal Convention.

5. Pleading further, without waiving or limiting the foregoing, MedAire would show that the injuries and damages complained of by Plaintiffs are the result of preexisting and/or subsequent injuries, illness, conditions, and/or accidents.

6. Pleading further, without waiving or limiting the foregoing, MedAire would show that the damages complained of by Plaintiffs were caused, if at all, by superseding and/or intervening acts and/or omissions of third parties for whom MedAire has no responsibility, control, or liability.

7. Pleading further, without waiving or limiting the foregoing, MedAire would show that Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their damages, if any.

8. Pleading further, without waiving or limiting the foregoing, MedAire is entitled to an instruction on contributory negligence.

9. Pleading further, without waiving or limiting the foregoing, MedAire is entitled to a comparative apportionment of responsibility.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant MedAire, Inc. respectfully prays that upon final trial and hearing it have judgment according to the law and facts as

determined by this Court and that it have such other and further relief, both general and special, legal and equitable to which it may show itself justly entitled.

Respectfully submitted,

**STRASBURGER & PRICE, LLP**

*/s/ Gary Siller*

**GARY J. SILLER**
Texas Bar No. 18350300
**MICHELLE BROCKWAY**
Texas Bar No. 24076287
909 Fannin Street, Suite 2300
Houston, Texas 77010
Telephone: (713) 951-5600
Facsimile: (713) 951-5660
gary.siller@strasburger.com
michelle.brockway@strasburger.com

**ATTORNEYS FOR DEFENDANT MEDAIRE, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 26th day of February, 2013.

*Via Facsimile No. (512) 474-8557*
Sean E. Brown
HOWRY BREEN & HERMAN, LLP
1900 Pearl Street
Austin, TX 78705

*Via Facsimile No. (713) 622-5910*
Charles C. Brennig, III
BRENNIG & ASSOCIATES, P.C.
1330 Post Oak Blvd., Suite 1600
Houston, TX 77056

*/s/ Gary Siller*
**GARY J. SILLER**

- 3 -

STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that this is a true and correct copy of the original record filed and or recorded in my office electronically or hard copy as it appears on this date.
Witness my official hand and seal of office this

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy